United States District Court
Southern District of Texas
**ENTERED**
February 01, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRES MALDONADO NAVA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-15-3407 |
| | § | |
| LORIE DAVIS, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING RECOMMENDATION
## OF THE MAGISTRATE JUDGE

Pending is Respondent's Motion for Summary Judgment (Document No. 24) against Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1). The Court has received from the Magistrate Judge a Memorandum and Recommendation recommending that Respondent's Motion for Summary Judgment be GRANTED, and that Petitioner's Application for Writ of Habeas Corpus be DENIED and DISMISSED with prejudice. Petitioner filed a "Motion in Opposition of the Respondent's request for Summary Judgment" (Document No. 29), which is construed as Petitioner's Objections to the Memorandum and Recommendation. As pointed out in that filing by Petitioner, there is an error on page 2 of the Recommendation (Document No. 28 at 2), that should and will be corrected as

follows: "Nava pled *not* guilty and proceeded to trial, along with his co-defendant, Xiomara Mendez." Petitioner also requested an additional 30 days to prepare his [further] objection to the Magistrate Judge's Memorandum and Recommendation; the Court has waited for 60 days, but Plaintiff has filed nothing additional.

Having made the foregoing correction, the Court, after making a *de novo* determination of Respondent's Motion for Summary Judgment, Petitioner's Application for Writ of Habeas Corpus, the Memorandum and Recommendation, and Petitioner's Objections, is of the opinion that, the remaining findings and recommendations of the Magistrate Judge are correct and should be and hereby are accepted by the Court. Accordingly,

It is ORDERED and ADJUDGED for the reasons set forth in the Memorandum and Recommendation of the United States Magistrate Judge filed on November 18, 2016, which is adopted, as corrected herein, as the opinion of this Court, that Respondent's Motion for Summary Judgment (Document No. 24) is GRANTED, and Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) is DENIED and DISMISSED with prejudice. It is further

ORDERED that a certificate of appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This

standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-1604 (2000) (internal quotations and citations omitted). Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir.), cert. denied, 122 S.Ct. 329 (2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. A district court may deny a certificate of appealability sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Memorandum and Recommendation, as corrected herein, the Court determines that Petitioner has not made a substantial showing of the denial of a

constitutional right, and that reasonable jurists would not debate the correctness of the substantive rulings.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this  1st  day of February, 2017.

*/s/ Ewing Werlein, Jr.*
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE